ROBBINS ARROYO LLP
Brian J. Robbins (SBN 190264)
George C. Aguilar (SBN 126535)
Ashley R. Rifkin (SBN 246602)
600 B Street, Suite 1900
San Diego, CA 92101
T: (619) 525-3990/ F: (619) 525-3991

Attorneys for Plaintiff Iron Workers
Mid-South Pension Fund

LATHAM & WATKINS LLP
James K. Lynch (SBN 178600)
Steven M. Bauer (SBN 135067)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
T: (415) 391-0600/ F: (415) 395-8095

Attorneys for Nominal Defendant PG&E
Corporation

McDERMOTT WILL & EMERY LLP
A. Marisa Chun (SBN 160351)
275 Middlefield Road, Suite 100
Menlo Park, CA 94025
T: (650) 815-7400/ F: (650) 815-7401

Attorneys for Defendants Christopher P. Johns,
Kent M. Harvey, Dinyar B. Mistry, C. Lee
Cox, and Peter A. Darbee,

SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
Amy S. Park (SBN 208204)
Richard S. Horvath, Jr. (SBN 24681)
525 University Ave., Suite 1400
Palo Alto, CA 94301
T: (650) 470-4500/ F: (650) 470-4570

Attorneys for Defendants Barry Lawson
Williams, David R. Andrews, Barbara L.
Rambo, Maryellen C. Herringer, Richard A.
Meserve, Roger H. Kimmel, Lewis Chew, and
David M. Lawrence

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IRON WORKERS MID-SOUTH PENSION FUND, Derivatively on Behalf of PG&E CORPORATION,<br><br>Plaintiff,<br>v.<br>CHRISTOPHER P. JOHNS, *et al.*,<br><br>Defendants,<br>-and-<br>PG&E CORPORATION, a California corporation,<br><br>Nominal Defendant. | Case No. C-13-00550 SI<br><br>**JOINT CASE MANAGEMENT STATEMENT & [P~~ROPOSED~~] ORDER**<br><br>Date:   January 8, 2016<br>Time:   3:00 p.m.<br>Dept.:  Courtroom 10, 19th Floor<br>Judge:  Hon. Susan Illston |

Pursuant to the Court's December 15, 2015 Notice (ECF No. 45), the parties are scheduled to appear before the Court for a Case Management Conference on Friday, January 8, 2016. In discussions leading to the preparation of this submission, all parties agreed, and hereby propose, to continue the stay in place for this matter. The parties also propose, subject to the Court's approval, that the parties will file a further Case Management Statement no later than 30 days after the stay of the related state court derivative action (the *San Bruno Fire Derivative Cases*, discussed in more detail below) is lifted, and thereafter appear for a further Case Management Conference as scheduled by this Court. In this submission, the parties present a summary of the status of this matter and related matters pending in San Mateo County Superior Court, which the parties believe support continuing the stay in this matter.[1]

**Summary of Case Status and Need for Continued Stay**

On September 9, 2010, one of Pacific Gas and Electric Company's (the "Utility")[2] natural gas transmission pipelines ruptured in San Bruno, California (the "San Bruno rupture"). Following that event, several legal proceedings (as immediately relevant here) commenced:

- **Personal Injury Torts Cases (referred to previously by the parties as the "State Consolidated Action"):** Numerous individual personal injury torts cases were filed in the Superior Court of California, San Mateo County (the "State Court"), and consolidated therein as the *San Bruno Fire Cases*, JCCP No. 4648. The State Consolidated Action has been resolved.

- **Shareholder Derivative Actions:** Several PG&E shareholders filed derivative complaints, each of which generally alleges that certain current and former PG&E officers and directors breached their fiduciary duties of oversight, and that those breaches

---

[1] Of course, should this Court decline to continue to stay this matter, the parties look forward to making all filings and appearances in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

[2] PG&E Corporation ("PG&E" or the "Corporation"), the nominal defendant here, is the parent company of the Utility.

- 1 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER – CASE NO. C-13-00550 SI

caused the San Bruno rupture. The derivative plaintiffs all seek to recover damages suffered *by PG&E* as a result of the San Bruno rupture, including any criminal penalties or fines paid as a result of the Federal Indictment of the Utility, discussed in more detail below. Plaintiff Iron Workers Mid-South Pension Fund ("Plaintiff" or "Iron Workers") filed its complaint in this District, and is the only derivative complaint pending in federal court. Several other shareholders filed their complaints in the State Court. Pertinent background as to each of these complaints is described below:

- o **The *Iron Workers* Action:** This action (the "Action") was filed on February 7, 2013. ECF No. 1. Plaintiff did not make a demand on PG&E's Board of Directors ("Board"), but alleges that demand on PG&E's Board would have been futile.

- o **California State Derivative Actions:** On October 18, 2010, a shareholder derivative complaint captioned *Wollman v. Andrews*, *et al.*, was filed in the State Court. Wollman, like Plaintiff here, alleges that demand on PG&E's Board would have been futile. Several other PG&E shareholders also filed "demand-futile" actions in the State Court. Although Wollman abandoned his complaint, the remaining complaints were consolidated as the *San Bruno Fire Derivative* Cases, JCCP No. 4648-C (the "State Derivative Actions"). In addition to these complaints, another PG&E shareholder (Bruce Tellardin) filed a complaint on June 5, 2015. Unlike plaintiffs in the State Derivative Actions, *Tellardin* is a so-called "demand refused" action, meaning that Tellardin made a demand on PG&E's Board but claims his demand was wrongfully refused. *Tellardin* is not consolidated with the State Derivative Actions, but is before the same Department for all purposes.

- **Federal Indictment:** On April 1, 2014, the United States Attorney's Office for the Northern District of California filed an Indictment against the Utility, charging it with twelve counts of knowing and willful violations of regulations promulgated under the federal Pipeline Safety Act (the "Federal Indictment"). On July 30, 2014, the grand jury

1 returned a superseding indictment against the Utility adding several counts of alleged
2 Pipeline Safety Act violations. *See United States v. Pacific Gas and Electric Company*,
3 Case No. 3:14-cr-00175-TEH-1 (N.D. Cal.). Trial in this matter is scheduled for March
4 8, 2016.

5 On April 15, 2013, the Honorable Samuel Conti entered an Order to Stay Action and
6 Coordinate Discovery. ECF No. 17. The basis for that Order was the pendency of the State
7 Consolidated Action and the *Wollman* action, which were based on "similar facts" to those
8 alleged in Plaintiff's complaint. *Id.* Pursuant to the agreed-upon stay of this Action, Defendants
9 agreed to provide Plaintiff with reasonable notice and attendance at any depositions conducted in
10 the State Consolidated Action to which plaintiff in the original State Court derivative action was
11 provided access and to provide Plaintiff with all discovery provided to plaintiff in the *Wollman*
12 action. *Id.* However, at the time of Judge Conti's Order, the *Wollman* action had also been
13 stayed by order of the State Court until resolution of the State Consolidated Action.

14 PG&E settled with nearly all plaintiffs in the State Consolidated Action by September
15 2013. In September 2013, two PG&E shareholders (in addition to Wollman) each filed a
16 shareholder derivative complaint in the State Court. The State Court consolidated these
17 complaints with *Wollman* as JCCP No. 4648-C and, on May 19, 2014, the plaintiffs moved the
18 State Court to lift its stay of their derivative suits. PG&E opposed lifting the stay, on the ground
19 that pursuit of the derivative claims would greatly prejudice the Utility's defense of the Federal
20 Indictment. On August 4, 2014, the State Court lifted the stay, allowing plaintiffs to file an
21 amended consolidated derivative complaint and for PG&E and the individual defendants to
22 demur to that complaint. PG&E and the individual defendants filed Co-Petitions for Writ of
23 Mandate with the California Court of Appeal, First Appellate District. *See Pacific Gas and*
24 *Electric Company et al. v. Superior Court*, No. A143049 (Cal. Ct. App. 1st Dist) and *PG&E*
25 *Corporation, et al. v. Superior Court*, A143050 (Cal. Ct. App. 1st Dist.) (the "Petitions"). The
26 California Court of Appeal did not immediately rule on defendants' Petitions. Instead, it
27 requested to be notified when the State Court ruled on defendants' demurrers to the operative
28 complaint.

1   On December 8, 2014, the parties filed a Joint Case Management Statement informing Judge Conti that the tort claims in State Consolidated Action had been resolved, but that the State Derivative Actions remained pending, and requesting that this Action remain stayed until the State Derivative Actions are resolved.  ECF No. 25.  The parties requested that this Action remain stayed because, among other things, this Action "was filed to preserve a federal shareholder derivative cause of action ... if events develop that make it impossible for the State Derivative Actions to be heard and resolved," and "[i]f this Action were to proceed now, similar claims, against essentially the same defendants, would simultaneously be at issue in both federal and state court."  *Id.* at 3.  Thereafter, Judge Conti vacated the initial Case Management Conference scheduled in this Action and confirmed the continuation of the stay.  ECF No. 26.

In the State Derivative Actions, the State Court overruled defendants' demurrers to the complaint on August 28, 2015, finding that the plaintiffs had adequately alleged that it would have been futile to make a demand on the Board ("Demurrer Order").[3]  Shortly thereafter, the California Court of Appeal issued an emergency stay of all proceedings in the State Derivative Actions.  Then, on December 8, 2015, the Court of Appeal issued a Writ of Mandate to the State Court, ordering the State Court to stay all proceedings in the State Derivative Actions "pending conclusion of the federal criminal proceedings."  *See* Exhibit 1 at 5.  The Court of Appeal recognized that the derivative claims purported to be on behalf of the Corporation and that "prosecution of the derivative claims" should be stayed because it "directly conflicts with the corporation's efforts to avoid criminal liability."  Exhibit 1 at 4.  Pursuant to the Court of Appeal's Writ, the State Court entered an order staying the State Derivative Actions "pending conclusion of the federal criminal proceedings."  *See* Exhibit 2.

---

[3] On September 30, 2015 and October 8, 2015, PG&E and certain individual defendants filed co-petitions for writ of mandate, requesting that the California Court of Appeal direct the State Court to vacate the Demurrer Order and dismiss the State Derivative Actions with prejudice ("Demurrer Petitions"). On October 22, 2015, the Court of Appeal summarily denied the Demurrer Petitions.

- 4 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER – CASE NO. C-13-00550 SI

1    In light of all of the foregoing, the parties agree and request that this Action should
2 remain stayed. Both this Action and the State Derivative Actions purportedly are brought on
3 behalf of PG&E, and both seek to compel PG&E to sue certain current and former officers and
4 directors of PG&E and the Utility. This Action, however, was filed to preserve a federal
5 shareholder derivative cause of action, founded on this Court's diversity jurisdiction, if events
6 develop that make it impossible for the State Derivative Actions to be heard and resolved. If this
7 Action were to proceed now, similar claims, against essentially the same defendants, would
8 simultaneously be at issue in both federal and state court. Such proceedings would be inefficient
9 for the parties and both courts, and would risk conflicting findings of fact and law between this
10 Court and the State Court.

11    Moreover, this matter cannot proceed without conflicting with the purpose of the Writ
12 issued by the California Court of Appeal. The Court of Appeal clearly recognized that
13 "prosecution of the derivative *claims*"—not just the State Derivative Actions—"directly conflicts
14 with the corporation's efforts to avoid criminal liability." Exhibit 1 at 4 (emphasis added).
15 Allowing this Action to proceed would run directly contrary to the Court of Appeal's rationale
16 and would greatly prejudice PG&E's defense of the Federal Indictment. The prudent course is
17 for this Court to stay this Action until the State Derivative Actions have been resolved.

18    As a result, the parties request that the January 8, 2016 Case Management Conference be
19 continued, and propose to file a Joint Case Management Statement within 30 days after the State
20 Court lifts the stay of the State Derivative Actions.

| | |
|---|---|
| Dated: December 30, 2015 | Respectfully submitted, |
| | ROBBINS ARROYO LLP |
| | */s/ George C. Aguilar* |
| | George C. Aguilar |
| | Brian J. Robbins |
| | Ashley R. Rifkin |
| | 600 B Street, Suite 1900 |
| | San Diego, CA 92101 |
| | Telephone: (619) 525-3990 |
| | Facsimile: (619) 525-3991 |
| | gaguilar@robbinsarroyo.com |

```
brobbins@robbinsarroyo.com
arifkin@robbinsarroyo.com
```

*Attorneys for Plaintiff Iron Workers Mid-South Pension Fund*

LATHAM & WATKINS LLP

*/s/ James K. Lynch*
_____
James K. Lynch
Steven M. Bauer
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
jim.lynch@lw.com
steven.bauer@lw.com

James E. Brandt
885 Third Avenue
New York, NY 10022
Telephone:  (212) 906-1200
Facsimile: (212) 751-4864
james.brandt@lw.com

*Attorneys for Nominal Defendant PG&E Corporation*

SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP

*/s/ Amy S. Park*
_____
Amy S. Park
Richard S. Horvath, Jr.
525 University Avenue, Suite 1400
Palo Alto, CA 94301
Telephone: (650) 470-4500
Facsimile: (650) 470-4570
amy.park@skadden.com
richard.horvath@skadden.com

*Attorneys for Defendants Barry Lawson Williams, David R. Andrews, Barbara L. Rambo, Maryellen C. Herringer, Richard A. Meserve, Roger H. Kimmel, Lewis Chew, and David M. Lawrence*

McDERMOTT WILL & EMERY LLP

*/s/ A. Marisa Chun*
_____
A. Marisa Chun
275 Middlefield Road, Suite 100
Menlo Park, CA 94025-4004
Telephone: (650) 815-7400
- 6 -
JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER – CASE NO. C-13-00550 SI

Facsimile: (650) 815-7401
mchun@mwe.com

Steven S. Scholes (*pro hac vice*)
227 West Monroe Street
Chicago, IL 60606
Telephone: (312) 372-2000
Facsimile: (312) 984-7700
sscholes@mwe.com

Charles E. Weir (SBN 211091)
2049 Century Park East, 38th Floor
Los Angeles, CA 90067
Telephone: (310) 277-4110
Facsimile: (310) 277-4730
cweir@mwe.com

*Attorneys for Defendants Christopher P. Johns, Kent M. Harvey, Dinyar B. Mistry, C. Lee Cox, and Peter A. Darbee*

I, George C. Aguilar, am the ECF User whose ID and password are being used to file this Joint Case Management Statement. In compliance with Civil L.R. 5-1(i), I hereby attest that concurrence in the filing of this document has been obtained from each of the other signatories.

　　　　　　　　　　　*/s/ George C. Aguilar*
　　　　　　　　　　　GEORGE C. AGUILAR

1065677

**[~~PROPOSED~~] CASE MANAGEMENT ORDER**

Having considered the above JOINT CASE MANAGEMENT STATEMENT and finding good cause therefor, the Court enters the following order:

1. The January 8, 2016 Case Management Conference is vacated, and this Action shall remain stayed.

2. Upon the Superior Court of San Mateo County's lifting of the stay in the State Derivative Actions, the parties shall advise this Court immediately of such order. ~~A new date for a Case Management Conference in this case will be scheduled at that time, with a Joint Case Management Statement due to be filed within thirty (30) days of the Superior Court's lifting of the stay.~~

```
The case management conference is continued to:  6/3/16          at 3 p.m.
The Joint Case Management Conference Statement shall be filed one week prior to the
conference.
```

**IT IS SO ORDERED.**

Dated: 1/4/16

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Susan Illston*
　　　　　　　　　　　　　　　　　　　　　　　HONORABLE SUSAN ILLSTON
　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE